1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br> Plaintiff-Respondent, <br><br> vs. <br><br> JAIME BARAHONA-ESTUPINAN, <br><br> Defendant-Petitioner. | CASE NO. 10-CV-190-IEG (WVG) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF ERROR *CORAM NOBIS*** <br><br> [Doc. No. 6] |

Petitioner Jaime Barahona-Estupinan ("Petitioner"), a person in federal custody proceeding pro se, brings this petition for writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651.  For the reasons set forth below, the Court dismisses the petition for lack of jurisdiction.

## BACKGROUND

On August 16, 2004, Petitioner[1] was convicted in this Court, following a jury trial, along with three co-defendants, on one count each of (1) conspiracy to possess cocaine with intent to distribute on board a vessel in violation of 46 App. U.S.C. §§ 1903(a), (c), and (j) [now 46 U.S.C. §§ 70503 & 70506]; and (2) possession of cocaine with intent to distribute on board a vessel in violation of 46 App. U.S.C. §§ 1903(a), (c)(1)(A), and (f) [now 46 U.S.C. §§ 70502–04].  U.S. v.

---

[1] Petitioner was convicted in this Court under the name "Jaimen Barahona-Estupinan".

1   Gamboa-Cardenas, 03-cr-2000-01-IEG (S.D. Cal. August 16, 2004).  After determining Petitioner

2   was eligible for "safety valve" relief, the Court imposed a forty-one-month sentence on each

3   count, to be served concurrently.  The Court also imposed four years of supervised release as to

4   each count, to run concurrently. [Minute Order, 03-cr-2000-01-IEG (S.D. Cal. January 27, 2005);

5   Doc. No. 151.] The Government appealed the sentences, and the Ninth Circuit affirmed the

6   sentence of one of Petitioner's co-defendants, but vacated and remanded for re-sentencing without

7   the "safety valve" as to Petitioner.  U.S. v. Gamboa-Cardenas, 509 F.3d 491, 506 (9th Cir. 2007).

8   However, Petitioner and his co-defendants did not appear for re-sentencing, because they had been

9   deported after serving their term of incarceration.  As a result, the Court issued a Minute Order

10   stating that "[i]f [the] government is aware of defendants being back in the United States they are

11   to notify the Court." [Minute Order, 03-cr-2000-01-IEG (S.D. Cal. June 16, 2008); Doc. No. 215.]

12       Later that year, in October 2008, Petitioner was again intercepted by the United States

13   Coast Guard while in a "go fast" boat loaded with cocaine.  Petitioner entered a guilty plea to one

14   count of violating 46 U.S.C. §§ 70503(a)(1), 70506(a) & 70506(b) and 21 U.S.C. §

15   960(b)(1)(B)(ii) pursuant to a plea agreement in the U.S. District Court for the Middle District of

16   Florida. [Resp't's Resp. to Pet., Ex. 4, at 1.] Petitioner was sentenced to 280 months, after that

17   court applied an enhancement resulting from the prior conviction in this Court.

18       Petitioner then filed the instant petition for writ of *coram nobis*, on January 25, 2010,

19   challenging his prior conviction in this Court.

**DISCUSSION**

21       "*Coram nobis* is an extraordinary writ, used to review errors of the most fundamental

22   character."  Matus-Leva v. U.S., 287 F.3d 758, 760 (9th Cir. 2002).  A writ of error *coram nobis*

23   may afford a petitioner relief when the petitioner "already has fully served a sentence."  Telink,

24   Inc. v. U.S., 24 F.3d 42, 45 (9th Cir. 1994).  Thus, such a petition may properly be entertained

25   only when the petitioner is no longer "in custody."  U.S. v. Monreal, 301 F.3d 1127, 1132 (9th Cir.

26   2002).  That a petitioner is released from incarceration does not necessarily mean he or she is not

27   "in custody."  For example, the Ninth Circuit has held that a person on supervised release was still

28   "in custody" for the purposes of *coram nobis*. Monreal, 301 F.3d at 1132; Matus-Leva, 287 F.3d at

761 (same).  A person is therefore "in custody" when he is subject to "restraints [on liberty] not shared by the public generally."  <u>Jones v. Cunningham</u>, 371 U.S. 236, 240 (1963).[2]

Here, Petitioner remains "in custody" for purposes of his *coram nobis* petition.  The Court therefore lacks jurisdiction to entertain the petition.  Petitioner's status is "in custody" whether considered under the mandate of this Court to return for resentencing or under the original conditions of his supervised release.  First, when Petitioner's sentence from this Court was vacated, the discharge of that sentence was not unconditional but subordinate to this Court's resentencing.  This Court ordered that it be notified of Petitioner's reentry into the jurisdiction of the United States so that Petitioner could be resentenced.  This order to return for resentencing is a restraint of liberty to which the public as a whole is not subject.[3]

Furthermore, Petitioner's deportation subsequent to his conditional release from incarceration does not itself discharge the obligations of Petitioner under the terms of his release, particularly if one of those conditions is not to reenter illegally or without notifying the probation officer.  <u>See</u> <u>U.S. v. Murguia-Oliveros</u>, 421 F.3d 951, 953-55 (9th Cir. 2005).  Petitioner's four-year term of supervised release would have begun upon his release and deportation, were the sentence not vacated and remanded subject to resentencing.  It cannot be said, however, that Petitioner's deportation prior to resentencing relieved him of all obligations to this Court, either to be resentenced or to be supervised for a period of four years after release.  Hence, Petitioner remains "in custody" under the sentence of this Court, and this Court thus does not have jurisdiction to entertain the instant petition for writ of error *coram nobis*.

If the Court construes the instant petition as a motion under § 2255 instead of as a petition

---

[2]The Supreme Court in <u>Jones v. Cunningham</u> was defining "in custody" for the purposes of habeas corpus relief.  371 U.S. at 240.  However, since common-law writs such as *coram nobis* linger only to fill the "gaps" in the "federal postconviction remedial framework," <u>Doe v. I.N.S.</u>, 120 F.3d 200, 203 (9th Cir. 1997), it would follow, *via negativa*, that the definition of "in custody" is the same under habeas corpus as it is under *coram nobis*.

[3] An Ninth Circuit case has stated that *coram nobis* relief might be available to a petitioner who has yet to begin serving the sentence attacked.  <u>See</u> <u>Woykovsky v. U.S.</u>, 309 F.2d 381, 384 (9th Cir. 1962).  However, that case would seem to have been superseded by Supreme Court decisions of a more recent vintage.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989) (concluding that petitioner was "in custody" of his state convictions, which sentences were to be served subsequent to his release from federal custody, though he had not yet begun to serve those state sentences).

under *coram nobis*, the petition still fails. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2255 motions. 28 U.S.C. § 2255. The limitation period began to run upon the date the judgment of conviction became final, January 27, 2005. Construed as a § 2255 motion, this petition, filed January 25, 2010, is untimely. "A petitioner may not resort to [a writ of] *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements." Matus-Leva, 287 F.3d at 761.

**CONCLUSION**

For the foregoing reasons, the petition for writ of error *coram nobis* is DISMISSED.

**IT IS SO ORDERED.**

**DATED: April 9, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**